IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY LITIGATION

MDL No. 2327

------------------------------------------------

*Joyce Justus v. Ethicon, Inc., et al.* 2:12-cv-00956

## ORDER

Pending before the court is the defendants' Motion to Strike All Expert Reports of Dr. Vladimir Iakovlev and Request for Immediate Hearing [ECF No. 90]. A response has been filed. [ECF No. 95].

This matter is centered on whether Dr. Iakovlev's expert report should have included various "synoptic reports."[1] The defendants state that they have requested these reports from the opposing counsel several times, and the defendants argue that they have been unable to depose Dr. Iakovlev because they do not possess the "case-specific data and analysis" that make up the "undisclosed backbone of his original reports." Defs.' Mem. Supp. Mot. Strike 5 [ECF No. 91]. The defendants argue the factors discussed in *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011)[2] are satisfied here, and the defendants invoke Rule 37(c) of the Federal Rules of Civil Procedure to request that Dr. Iakovlev's reports be stricken and not considered by this court.

---

[1] Synoptic reports are two-page documents containing Dr. Iakovlev's notes regarding his review of plaintiff-specific pathology slides.

[2] "In determining whether nondisclosure of evidence is substantially justified or harmless, we consider: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for

The plaintiff points out that Dr. Iakovlev's expert reports were timely filed and the defendants received "hundreds of pages of Dr. Iakovlev's case-specific reports containing detailed analy[is], opinions, and dozens and dozens of pathological microphotographs . . . ." Pl.'s Resp. 7. The plaintiff further argues that Dr. Iakovlev's synoptic reports have been used in other MDL cases—without being included in the expert reports—with no objection from the defendants:

> Dr. Iakovlev has provided case-specific pathological expert reports and has been deposed on those reports in 61 mesh MDL cases. . . . Not one of those reports attached his synoptic notes as exhibits. Rather, he produces such notes pursuant to notices of deposition at depositions taken by the defense . . . ."

*Id*. at 2. The plaintiff goes on to state that "[a]ll of the information contained in the synoptic summary notes are contained and more fully presented and/or described in the actual [expert] report." *Id*. at 3. Dr. Iakovlev's affidavit states that the "synoptic notes do not form the 'backbone' of my opinions, but rather are a summary of the findings that are already described in my expert reports." Iakovlev Aff. ¶ 9 [ECF No. 95-1]. Dr. Iakovlev states that "[e]ach of my Wave 1 case-specific pathology expert reports contain all of my opinions for each plaintiffs['] pathology and stand alone, separate and apart from my synoptic notes." *Id*. ¶ 10. Finally, the plaintiff states the importance of Dr. Iakovlev's testimony in these cases as follows: "Unlike some cases where a party may have identified more than one polymer scientist or urogynecologist, these Wave One plaintiffs have but one pathologist and but one case-specific pathology report. . . . To exclude Dr. Iakovlev's reports and opinions would be hugely prejudicial to each of these Plaintiffs." Pl.'s Resp. 8.

---

the party's failure to name the witness before trial; and (5) the importance of the testimony." *Hoyle*, 650 F.3d at 329.

The court will not exclude Dr. Iakavlev's reports if any failure on the part of the plaintiff is either substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The court **FINDS** that the *Hoyle* factors are not met under the circumstances. Dr. Iakovlev has clearly been identified as an expert witnesses in these Wave 1 cases, and he timely filed his expert reports. The defendants knew of the existence of Dr. Iakovlev's synoptic reports during previous MDL cases, yet the defendants did not require the documents prior to deposing Dr. Iakovlev in those prior cases; the defendants cannot now argue surprise. Additionally, Dr. Iakovlev states in his affidavit that synoptic reports are a summary of the findings that are already described in his detailed expert reports. Finally, Dr. Iakovlev's testimony is crucial to the plaintiffs' respective cases, as he is the only identified plaintiffs' expert pathologist to testify in these cases. The court **FINDS** that any failure on the part of the plaintiff to provide the synoptic report is harmless given that the defendants have over 20 days[3] to complete discovery, the defendants have means at their disposal for obtaining the synoptic reports, and the trial dates have not been set. Further, the court **FINDS** that a hearing on the defendants' Motion is unnecessary.

Accordingly, the court **DENIES** the defendants' Motion to Strike All Expert Reports of Dr. Vladimir Iakovlev and Request for Immediate Hearing [ECF No. 90].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 10, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to PTO # 205, April 1, 2016, is the close of discovery.

3